# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JEROME S. CAPPS, | : | |
| Plaintiff, | : | Case No. 3:11cv00182 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of the Social | | |
| Security Administration, | : | |
| Defendant. | : | |

## DECISION AND ORDER

This case is before the Court upon the parties' Joint Stipulation for an Award of Attorney Fees under the Equal Access to Justice Act. (Doc. #17). The parties agree that Plaintiff is entitled to an award of attorney fees under the Equal Access To Justice Act, 28 U.S.C. §2412(d), in the total amount of $5,650.00. The parties also agree that such an award will fully satisfy any and all of Plaintiff's claims for fees and expenses under the EAJA.

Under the parties' agreement, any EAJA fees paid belong to Plaintiff and not her attorney and can be offset to satisfy pre-existing debt that Plaintiff owes the

United States pursuant to *Astrue v. Ratliff*, 560 U.S. __, 130 S.Ct. 2521 (2010).

Accordingly, the Court hereby **ORDERS** that:

1. The parties' Joint Stipulation for an Award of Attorney Fees under the Equal Access to Justice Act (Doc. #17) is accepted, and the Commissioner shall pay Plaintiff's attorney fees under 28 U.S.C. §2412 in the total amount of $5,650.00;

2. Plaintiff's Motion for Attorney Fees (Doc. #15) is DENIED as moot;

3. Defendant is directed to verify, **within thirty days of an Order adopting this Report and Recommendations,** whether or not Plaintiff owes a pre-existing debt to the United States that is subject to offset. If no such pre-existing debt exists, Defendant is ordered to pay the EAJA award directly to Plaintiff's counsel; and

4. The case remains terminated on the docket of this Court.

Walter Herbert Rice
United States District Judge